UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DASHAWN DAVIS, 10-B-2459,

                                        Petitioner,

v.                                                     Case # 14-CV-6081-FPG

                                                                DECISION & ORDER

SUPERINTENDENT LAVALLE,

                                        Respondent.

---

      Presently before the Court is Petitioner Dashawn Davis' Motion to Hold in Abeyance his Petition for a Writ of Habeas Corpus. ECF Nos. 7, 9. His original application, stated that he wished to file a motion under New York Criminal Procedure Law and Rules Section 440.10 to vacate the state court judgment, and so that he could exhaust his state court remedies. ECF No. 7. The Respondent opposed the application, arguing primarily that Petitioner's vague application did not demonstrate that his unexhausted claims were potentially meritorious. ECF No. 8. Petitioner then responded with an Amended Motion, in which he describes the issues he wishes to raise before the state court. ECF No. 9.

      The Supreme Court has instructed that granting a "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

      In this case, the Petitioner has not demonstrated good cause. His first two claims – that a traffic ticket issued to him was deficient because it failed to list the expiration date of his registration, and therefore could not support his subsequent criminal charges, and that his

window tint could not form the basis for a traffic stop – are meritless and, in any event, are procedurally barred under New York C.P.L.R. 440.10(c)(2) since the claims would be based upon the trial record and were not raised in his direct appeal. Since these claims are procedurally defaulted, any proposed amendment of the current Petition would be futile.

Petitioner's remaining claim alleging a Fourth Amendment violation that should have resulted in application of the exclusionary rule cannot form the basis for federal habeas relief under Supreme Court precedent. *See Stone v. Powell*, 428 U.S. 465, 494-95 (1976). ("Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.")

For these reasons, I cannot find good cause for the requested relief, and Petitioner's Motion and Amended Motion to Hold in Abeyance his Petition for a Writ of Habeas Corpus (ECF Nos. 7, 9) are DENIED.

IT IS SO ORDERED.

Dated: March 27, 2015
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court