UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

DASHAWN DAVIS,

                              Petitioner,

        -vs-

SUPERINTENDENT LAVALLE,

                              Respondent.

**No. 6:14-CV-06081 (MAT)**
**DECISION AND ORDER**

───────────────────────────────

## I.   Introduction

Dashawn Davis ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment entered August 5, 2010, in New York State Supreme Court, Monroe County (Buscaglia, J.), following a bench verdict convicting him of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the fourth degree, criminally using drug paraphernalia, criminal possession of marijuana in the fourth degree, criminal possession of a controlled substance in the seventh degree, and driving with excessively tinted windows.

## II.   Factual Background and Procedural History

The charges against petitioner arose from a September 19, 2009 incident in which petitioner's vehicle was stopped for excessively tinted windows. Upon approaching petitioner's vehicle and speaking with petitioner, who was the lone occupant, Buffalo Police Officer

Thomas Sercu noticed a smell of marijuana emanating from the car and observed three cellular phones on petitioner's lap. When Officer Sercu ran petitioner's license, he found that petitioner was on parole. Upon search of petitioner's person, Officer Sercu and his partner located multiple bags of marijuana and a baggie of cocaine. Officer Sercu's partner contacted petitioner's parole officer, who elected to perform a search of petitioner's residence due to his violation of parole. That search revealed marijuana, cocaine, two scales, a pill bottle, a substantial amount of cash, and a loaded .357 Magnum revolver.

After a bench trial, petitioner was convicted as charged. On August 5, 2010, petitioner was sentenced to an aggregate prison term of eleven years plus five years post-release supervision. He filed a counseled direct appeal with the New York State Supreme Court, Appellate Division, Fourth Department, which court unanimously affirmed his conviction on December 28, 2012. See People v. Davis, 101 A.D.3d 1778 (4th Dep't 2012), lv. denied, 20 N.Y.3d 1060 (2013). Much later, petitioner moved for a writ of error *coram nobis*, which was denied. See People v. Peterkin, 136 A.D.3d 1354 (4th Dep't 2016).

The petition argues that petitioner was subjected to an unlawful arrest, the fruits of which should have been suppressed. Specifically, petitioner argues that police lacked probable cause to stop his vehicle for excessively tinted windows.

### III. Standard of Review

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA "revised the conditions under which federal courts may grant habeas relief to a person in state custody." Kruelski v. Connecticut Super. Ct. for Judicial Dist. of Danbury, 316 F.3d 103, 106 (2d Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

### IV. Grounds Asserted in the Petition

Although the petition spreads the argument over two grounds, it essentially argues only one ground for relief: that the stop of petitioner's vehicle was unlawful and therefore any fruits of the arrest should have been suppressed. Petitioner moved for suppression in the trial court, but the court found that the stop of his vehicle "in daylight for unlawfully tinted windows in violation of [New York] Vehicle and Traffic Law § 375 . . . was

lawful." Appendix,[1] at 107. Petitioner did not challenge that finding. The Court notes that, although the issue was not argued by petitioner on direct appeal, the Fourth Department found that the search and seizure of petitioner occurred incident to a "lawful traffic stop and pat down." Davis, 101 A.D.3d at 1779.

Petitioner failed to exhaust his argument that the traffic stop was unlawful. The claim is thus procedurally barred from being brought in New York State court because it was never preserved for appellate review. See N.Y. CPL § 470.05(2). When a petitioner fails to properly exhaust his claims in state court, and the claims can no longer be raised as a result of his failure to follow state procedure, no remedy is "available in the courts of the State" within the proper meaning of 28 U.S.C. § 2254(b). Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991). Therefore, a procedurally barred claim will be unexhausted but "deemed exhausted" by the federal courts. St. Helen v. Senkowski, 374 F.3d 181, 183 (2d Cir. 2004); McKethan v. Mantello, 292 F.3d 119, 122–23 (2d Cir. 2002) (claims deemed exhausted where they were "procedurally barred for not having been raised in a timely fashion"), cert. denied, 555 U.S. 903 (2008).

Accordingly, petitioner's claim is deemed exhausted but procedurally barred, as he no longer has a state court forum in

---

[1] Respondent filed a state court record and appendix with the Court, in hard copy form, on April 23, 2014.

which to raise his claim. See <u>Ramirez v. Att'y General of N.Y.</u>, 280 F.3d 87, 94 (2d Cir. 2001) ("Even if a federal claim has not been presented to the highest state court or preserved in lower state courts under state law, it will be deemed exhausted if it is, as a result, then procedurally barred under state law.") (citing <u>Grey v. Hoke</u>, 933 F.2d 117, 120–21 (2d Cir. 1991)).

"[A] finding of procedural default bars habeas review of Petitioner's federal claim unless he can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." <u>Cooley v. Superintendent</u>, 2011 WL 2651078, *9 (W.D.N.Y. July 6, 2011). Petitioner has not alleged cause and prejudice to overcome the procedural default. Moreover, for purposes of the miscarriage-of-justice exception, he has made no factual showing that he is "'actually innocent' (meaning factually innocent) of the crime for which he was convicted." <u>Carvajal v. Artus</u>, 633 F.3d 95, 108 (2d Cir. 2011) (citing <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998)). His claim is procedurally defaulted from habeas review and dismissed on that basis.

**VI. Conclusion**

For the foregoing reasons, petitioner's request for writ of habeas corpus is denied, and the petition (Doc. 1) is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the

Court declines to issue a certificate of appealability. The Clerk of the Court is requested to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**


**S/Michael A. Telesca**
_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated:     September 20, 2016
           Rochester, New York.